**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Atlantic Urological Associates et al., )<br>)<br>Plaintiffs, )<br>) <br>v. )<br>)<br>Michael O. Leavitt, as Secretary of )<br>United States Department of Health and )<br>Human Services, )<br>Defendant. )<br>) | No. 08-CV-00141-RMC |

**DEFENDANT'S MOTION TO ENDORSE HIS INTERIM PROPOSAL, POSTPONE HEARING ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION, AND SET CONSOLIDATED BRIEFING SCHEDULE**

Plaintiffs' Complaint challenges the implementation by defendant, the Secretary of Health and Human Services ("Secretary"), of an "anti-markup rule" governing Medicare reimbursement of certain claims involving anatomic pathology diagnostic testing services. Plaintiffs' Application for Preliminary Injunction, which is currently scheduled to be heard on February 7, 2008, alleges that plaintiffs will suffer harm in the future if the Secretary is not preliminarily enjoined from applying the anti-markup rule to such claims. The Secretary, who anticipates filing a dispositive motion under Rule 12(b) of the Federal Rules of Civil Procedure, proposes not to apply the anti-markup rule to such claims that are submitted between February 1 and April 1, 2008, as set forth in paragraph 4 below. Because this proposal would negate any arguable claim of irreparable harm in the interim, the Secretary requests that the Court endorse the proposal, postpone the hearing date on the Preliminary Injunction Application, enter a briefing schedule for that Application and the Secretary's dispositive motion as set forth in paragraph 5 below, and set a new hearing date for both motions on a date that is convenient to

the Court during the week of March 24.

1. On November 27, 2007, the Secretary published a final anti-markup rule, 72 Fed. Reg. 66,222 (Nov. 27, 2007); see also 42 C.F.R. § 414.50, governing Medicare reimbursement for certain diagnostic testing services. That rule was effective January 1, 2008. On January 3, 2008, the Secretary published another rule, 73 Fed. Reg. 404 (Jan. 3, 2008), that delayed until January 1, 2009 the effective date of the anti-markup rule for many services but not for the technical component of a diagnostic test, or for any anatomic pathology diagnostic testing services furnished in a "centralized building" that does not qualify as the "same building" under the physician self-referral exception at 42 C.F.R. § 411.355(b).

2. On January 24, 2008, plaintiffs filed a Complaint against the Secretary (Civil Action No. 08-00141-RMC), seeking declaratory and injunctive relief, including a request to delay for one year the implementation of the anti-markup rule as to anatomic pathology diagnostic testing services. See Complaint ("Comp.") ¶¶ 2-5, 64, 65, and p. 43 (Prayer for Relief, ¶ 10). Plaintiffs do not challenge the anti-markup provisions as applied to the technical component of a purchased diagnostic test. See Complaint ¶ 65 n.2. According to the Complaint, the six plaintiffs include three physician groups that participate in the Medicare program and submit claims for Medicare reimbursement of anatomic pathology diagnostic services provided to patients, one pathologist who performs such testing services for five other physician groups, one company that manages urological pathology laboratories for physician groups and does not itself perform services for or participate in the Medicare program, and that company's director of clinical operations. See Comp. ¶¶ 2-3, 14-19, 23, 44; Statement of Points and Authorities in Support of Plaintiffs' Application for a Preliminary Injunction ("PI Memo."), Exh. 27 ¶ 3.

3.  In seeking a preliminary injunction, plaintiffs allege that they will suffer harm in the future if the Secretary is not preliminarily enjoined from applying the anti-markup rule to claims involving anatomic pathology diagnostic testing services furnished in a "centralized building" that does not qualify as the "same building" under the physician self-referral exception at 42 C.F.R. § 411.355(b).  See Comp. ¶ 111; PI Memo. at 30-38.  Plaintiffs' allegations of future harm are based upon their assertion that the rate of reimbursement under Medicare for claims submitted by physician groups involving anatomic pathology diagnostic testing services would be reduced if the Secretary were to apply the anti-markup rule to such services.  Id.

4.  The Secretary made a proposal to plaintiff by which the Centers for Medicare & Medicaid Services ("CMS"), which administers the Medicare program on the Secretary's behalf, will not apply the anti-markup rule to claims submitted between February 1 and April 1, 2008, seeking Medicare reimbursement for anatomic pathology diagnostic testing services that are furnished in a centralized building that does not qualify as the "same building" under the physician self-referral exception at 42 C.F.R. § 411.355(b).  Such claims shall remain subject to all other Medicare requirements.  In the event the Court subsequently affirms the anti-markup rule as applied to anatomic pathology diagnostic testing services, the Secretary shall not recoup any Medicare payments made for any such claims submitted from February 1 to April 1, 2008, based on failure to comply with the provision governing payment for such services furnished in a centralized building that does not qualify as the "same building" under the physician self-referral exception.  Plaintiffs have rejected this proposal.

5. Plaintiffs' Application for Preliminary Injunction is currently scheduled to be heard on February 7, 2008. Because the challenged aspect of the anti-markup rule will not be effective until April 1, 2008, there is no need for the Preliminary Injunction Application to be heard at this time. The Secretary anticipates filing a dispositive motion under Rule 12(b) of the Federal Rules of Civil Procedure. In order to facilitate the Court's consideration of this matter, the Secretary proposed to plaintiffs that the parties jointly request that the Court adopt the following briefing schedule for plaintiffs' Preliminary Injunction Application and the Secretary's dispositive motion: (a) the Secretary will file a consolidated memorandum in opposition to plaintiffs' Application and in support of his dispositive motion by February 20, 2008; (b) plaintiffs will file a consolidated memorandum in reply to the Secretary's opposition to the Application and in opposition to the Secretary's dispositive motion by March 5, 2008; and (c) the Secretary will file a memorandum in reply to plaintiffs' opposition to his dispositive motion by March 19, 2008. The Secretary also proposed to plaintiffs that the parties jointly request that the Court postpone the hearing on the Preliminary Injunction Application until, and schedule a hearing on the dispositive motion for, a date that is convenient to the Court during the week of March 24, 2008.

6. Although plaintiffs rejected the Secretary's proposal as set forth above, the Secretary requests that the Court (a) endorse the Secretary's proposal, as set forth in paragraph 4 above, that would postpone application of the November 27, 2007 rule as to payment for anatomic pathology diagnostic testing services; (b) adopt the briefing schedule set forth in paragraph 5 above; and (c) reschedule the hearing on the Preliminary Injunction Application for a date that is convenient to the Court during the week of March 24, 2008.

Dated: February 4, 2008

Respectfully Submitted:

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

Sheila M. Lieber
Deputy Branch Director

*/s/ Peter T. Wechsler*
Peter T. Wechsler (MA 550339)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov
 *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**Atlantic Urological Associates et al.,**  )
                                    )
               **Plaintiffs,**   )
                                    )     No. 08-CV-00141-RMC
   v.                               )
                                    )
**Michael O. Leavitt, as Secretary of**  )
**United States Department of Health and**  )
**Human Services,**                  )
               **Defendant.**   )
_____)

**PROPOSED ORDER ON DEFENDANT'S MOTION
TO ENDORSE INTERIM PROPOSAL**

     Having reviewed Defendants' Motion to Endorse Interim Proposal, Postpone Hearing on Plaintiffs' Application for Preliminary Injunction, and Set Consolidated Briefing Schedule, and plaintiffs' response, the Court hereby ORDERS as follows:

     1. The Centers for Medicare & Medicaid Services ("CMS"), which administers the Medicare program on behalf of the Secretary of Health and Human Services ("Secretary"), will not apply the final anti-markup rule, 72 Fed. Reg. 66,222 (Nov. 27, 2007), as amended by 73 Fed. Reg. 404 (Jan. 3, 2008), to claims submitted between February 1 and April 1, 2008, seeking Medicare reimbursement for anatomic pathology diagnostic testing services that are furnished in a centralized building that does not qualify as the "same building" under the physician self-referral exception at 42 C.F.R. § 411.355(b). Such claims shall remain subject to all other Medicare requirements. In the event the Court subsequently affirms the anti-markup rule as applied to anatomic pathology diagnostic testing services, the Secretary shall not recoup any Medicare payments made for any such claims submitted from February 1 to April 1, 2008, based on failure to comply with the provision governing payment for such services furnished in a

centralized building that does not qualify as the "same building" under the physician self-referral exception.

2. The following briefing schedule is set for plaintiffs' Preliminary Injunction Application and the dispositive motion the Secretary intends to file: (a) the Secretary will file a consolidated memorandum in opposition to plaintiffs' Application and in support of his dispositive motion by February 20, 2008; (b) plaintiffs will file a consolidated memorandum in reply to the Secretary's opposition to the Application and in opposition to the Secretary's dispositive motion by March 5, 2008; and (c) the Secretary will file a memorandum in reply to plaintiffs' opposition to his dispositive motion by March 19, 2008.

3. A hearing will be held on the Preliminary Injunction Application and on defendant's dispositive motion at a date convenient for the Court during the week of March 24, 2008.

SO ORDERED on this __ day of _____, 2008.

_____
Rosemary M. Collyer
United States District Judge