IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ATLANTIC UROLOGICAL ASSOCIATES, P.A.; SAM MICHAELS, M.D.; REBECCA PAGE; UROLOGY CARE, INC.; UROLOGY CENTER OF ALABAMA, P.C.; and UROPATH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08-cv-00141-RMC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO COMPEL**
**FILING OF ADMINISTRATIVE RECORD**

NOW COME Plaintiffs Atlantic Urological Associates, P.A., et al. ("Plaintiffs"), and hereby move this Honorable Court to issue an order compelling Defendant Michael O. Leavitt ("Defendant") to file the administrative record relating to the January 3, 2008 Final Rule (73 Fed. Reg. 404). If it is Defendant's contention that there is no official administrative record for the January 3, 2008 Final Rule, then Plaintiffs respectfully request that the Court order Defendant to file whatever information, documents, and comments (formal or informal) were received by CMS between November 27, 2007, and January 3, 2008, relating to the revised anti-markup rule (42 C.F.R. § 414.50) published on November 27, 2007, together with any additional information or documents considered or relied on by CMS in promulgating the January 3, 2008 Final Rule.

Pursuant to Local Rule 7(m), Dan M. Peterson, counsel for Plaintiffs, hereby certifies as follows: I placed a telephone call to Peter T. Wechsler, counsel for Defendant, on March 26,

-2-

2008, and advised Mr. Wechsler of the nature of this motion. Mr. Wechsler indicated that Defendant opposes and does not assent to this motion.

| | |
|---|---|
| March 26, 2008 | Respectfully submitted, |
| | FULBRIGHT & JAWORSKI L.L.P. |

/s/ Dan M. Peterson
Dan M. Peterson
D.C. Bar No. 418360
Wendy Butler Curtis
D.C. Bar No. 475464
Caroline Mew
D.C. Bar No. 467354
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 662-0200
Facsimile: (202) 662-4643
Attorneys for Plaintiffs

Greg A. Cardenas
Byrne, Cardenas & Smitherman, LLP
5400 LBJ Freeway, Suite 1325
Dallas, TX 75240
Telephone: (972) 371-5264
Facsimile: (972) 371-5270
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ATLANTIC UROLOGICAL ASSOCIATES, P.A.; SAM MICHAELS, M.D.; REBECCA PAGE; UROLOGY CARE, INC.; UROLOGY CENTER OF ALABAMA, P.C.; and UROPATH, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08-cv-00141-RMC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL FILING OF ADMINISTRATIVE RECORD**

On or about February 22, 2008, Defendant Michael O. Leavitt ("Defendant" or "Secretary") filed with the Court what purported to be the Administrative Record for <u>Uropath v. Leavitt</u>, Civil Action No. 1:08-00141. The filing included a certification by Lisa M. Parker, Director, Division of Regulations Development-A, Regulations Development Group, OSORA, stating that the two volume filing, which consisted of approximately 1,100 pages, constituted "the rulemaking record at issue in the above-captioned case."

All of the documents contained in that record are dated after the issuance of the July 12, 2007 Notice of Proposed Rulemaking and before the issuance of the November 27, 2007 Final Rule that revised 42 C.F.R. § 414.50. Indeed, none of the documents in the filed administrative record are dated later than September 2007. Plaintiffs, however, challenge not only the November 27, 2007 Final Rule in this lawsuit, but also the January 3, 2008 Final Rule (73 Fed. Reg. 404). Defendant has filed no documents whatsoever relating to the January 3 Final Rule.

80167867.2

In light of this omission, on March 6, 2008, counsel for Plaintiffs submitted a letter to counsel for Defendant requesting that the administrative record for the January 3 final rule be filed, and requesting a response from counsel. See Exhibit A. To date, counsel for Defendant has not responded to this letter.

Defendant takes the position that he need not file the administrative record relating to CMS's deliberations leading up to the January 3 Final Rule. In his Reply Memorandum In Support of Defendant's Motion to Dismiss ("Def. Reply"), Defendant states that Plaintiffs are in error in asserting "that the Secretary is obligated to submit an 'administrative record' for the January 2008 rule, which is not at issue in the case." Def. Reply at 16.

But Plaintiffs have plainly challenged the validity of the January 3, 2008 Final Rule in this lawsuit, on both procedural and substantive grounds. Plaintiffs allege that the January 3, 2008 Final Rule must be set aside because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and is in excess of statutory jurisdiction, authority, or limitation, or short of statutory right. See Complaint ¶¶ 112-114; see also Complaint ¶ 4. Among other things, Plaintiffs allege that in the January 3 Final Rule CMS failed to state an adequate basis for: (1) immediately imposing the revised "anti-markup" provision at 42 C.F.R. § 414.50 on diagnostic anatomic pathology services, while deferring application of such provision for all other services; and (2) immediately imposing the revised "anti-markup" provision on anatomic pathology diagnostic services performed in a "centralized building" as opposed to the "same building" under Stark law definitions. See Complaint ¶ 113(b)-(c). Plaintiffs also challenged the January 3, 2008 Final Rule as being arbitrary and capricious because there was no basis for delaying implementation of the anti-markup for other services and locations based on lack of clarity of the November 2007 Rule and concerns regarding disruption

of patient care, while not granting a similar delay for anatomic pathology diagnostic testing services performed in a "centralized building."  See Complaint ¶ 113(h), (j); see also Counts II and III in the Complaint, and Prayer for Relief, ¶¶ 1-11.

Thus, although Defendant may wish that this case were different, the pleadings on their face expressly show Plaintiffs' challenge to the January 3 Final Rule.  As Defendant noted in connection with his motion to dismiss, review in this case is on the administrative record.  See Consolidated Memorandum in Support of Defendant's Motion to Dismiss and in Opposition to Plaintiffs' Application for Preliminary Injunction, at 29.  Defendant cannot deprive Plaintiffs of their right to challenge, or limit the Court's ability to review, agency action under the APA by the expedient of denying that the administrative record is relevant to his view of the case.

Furthermore, Defendant admittedly based his action in the January 3 Final Rule on some type of comments CMS received.  As noted in the Federal Register, "[s]ubsequent to the publication of the Final Rule with comment period," CMS received "informal comments from various stakeholders."  73 Fed. Reg. at 405.  These "stakeholders" alleged "that the application of the rule is unclear," that "patient access may be significantly disrupted due to the alleged inability of physician groups to render services in a cost-effective manner," and that, due to the anti-markup provision, physician groups "will not be able to realize a profit and will not be able to recoup their overhead costs" and thus "will not be able to provide diagnostic testing services to the same extent that they are currently providing such services."  Id.  It was on this basis that the Secretary delayed the application of the November 27 Final Rule for most types of services and locations, but not for those of Plaintiffs.  See id.  Thus, in reviewing the validity of the Secretary's action, both the Plaintiffs and the Court are entitled to know what CMS ostensibly relied on in taking the action that it did.

- 4 -

Most importantly, it is unclear why any such comments, whether "formal" or "informal," have not been included as part of the rulemaking record for the November 27 Final Rule. That rule was a "final rule with comment period," with comments accepted until December 31, 2007. See 72 Fed. Reg. 66,222. CMS took action in the January 3 Final Rule due to comments received after the November 27 Final Rule was published. As mentioned above, however, none of the documents included in the "administrative record" filed by the Defendant are dated after September 2007. The administrative record is clearly incomplete.

In sum, Defendant himself contends that review in this case should be on the administrative record. CMS relied upon some type of comments received in taking the actions embodied in the January 3 Final Rule. Those comments or other materials should have been incorporated in either a rulemaking file for the January 3 Final Rule or for the November 27 Final Rule. In their Complaint, Plaintiffs have unquestionably challenged the substantive validity of the January 3 Final Rule, whether Defendant views that rule as relevant or not. Accordingly, to allow for meaningful evaluation of the validity of the January 3 Final Rule, Defendant should be ordered to file the administrative record for the January 3 Final Rule, or to file whatever else Defendant received, considered or relied upon in issuing that rule, as further described in Plaintiffs' Motion to Compel and the proposed Order filed herewith.

March 26, 2008                                        Respectfully submitted,

                                          FULBRIGHT & JAWORSKI L.L.P.


                                          /s/ Dan M. Peterson
                                          Dan M. Peterson
                                          D.C. Bar No. 418360
                                          Wendy Butler Curtis
                                          D.C. Bar No. 475464
                                          Caroline Mew
                                          D.C. Bar No. 467354
                                          801 Pennsylvania Avenue N.W.
                                          Washington, D.C. 20004
                                          Telephone: (202) 662-0200
                                          Facsimile: (202) 662-4643
                                          Attorneys for Plaintiffs

                                          Greg A. Cardenas
                                          Byrne, Cardenas & Smitherman, LLP
                                          5400 LBJ Freeway, Suite 1325
                                          Dallas, TX 75240
                                          Telephone: (972) 371-5264
                                          Facsimile: (972) 371-5270
                                          Of Counsel

# FULBRIGHT & JAWORSKI L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
801 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-2623
WWW.FULBRIGHT.COM

DAN M. PETERSON
PARTNER
DPETERSON@FULBRIGHT.COM

DIRECT DIAL:   (202) 662-4610
TELEPHONE:   (202) 662-0200
FACSIMILE:   (202) 662-4643

March 6, 2008

**BY EMAIL AND FEDERAL EXPRESS**

Peter T. Wechsler
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20044

Re:   <u>Uropath v. Leavitt, C.A. No. 08-00141</u>

Dear Mr. Wechsler:

On February 22, 2008, you filed an administrative record, with a certification by Lisa M. Parker stating that this constituted "the rulemaking record at issue in the above captioned case." All of the documents in that record apparently relate solely to the November 27, 2007, final rule. 72 Fed. Reg. 66,222 (Nov. 27, 2007). As you are aware, Plaintiffs have also challenged the January 3, 2008 final rule. 73 Fed. Reg. 404 (Jan. 3, 2008). Plaintiffs request that you file with the Court on behalf of the Secretary the administrative record for the January 3, 2008, final rule as well.

We note that the January 3 final rule states that it was issued in response to informal comments received from various stakeholders. If it is your contention that there is no official administrative record for the January 3, 2008, final rule, then please file whatever information, documents, and comments, formal or informal, were received by CMS between November 27, 2007, and January 3, 2008, relating to the revised anti-markup rule (42 C.F.R. § 414.50) published on November 27, 2007, together with any additional information or documents relied on by CMS in promulgating the January 3, 2008 rule.

Please let me know at your very earliest convenience whether you will or will not file with the Court the materials described above.

Very truly yours,

Dan M. Peterson

75221258.2

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST LOUIS • WASHINGTON DC

## Saslaw, Jan

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Friday, March 07, 2008 12:21 PM |
| **To:** | Saslaw, Jan |
| **Subject:** | FedEx Shipment 790955618029 Delivered |

This tracking update has been requested by:

```
Company Name:            Fulbright & Jaworski  L.L.P.
Name:                    Dan M. Peterson
E-mail:                  'not provided  by requestor'
```

Our records indicate that the following  shipment has been delivered:

```
Reference:                  DP04924/10800745/
Ship (P/U) date:            Mar 6, 2008
Delivery date:              Mar 7, 2008 12:16   PM
Sign for by:                R.HINES
Delivered to:               Receptionist/Front   Desk
Service type:               FedEx Priority   Overnight
Packaging type:             FedEx Envelope
Number of pieces:           1
Weight:                     0.50 lb.
Special handling/Services:  Deliver Weekday

Tracking number:            790955618029
```

```
Shipper Information                     Recipient Information
Dan M. Peterson                         Peter T. Wechsler
Fulbright & Jaworski L.L.P.             United States Department of Justice
801 Pennsylvania Avenue, N.W.;Market    Civil Division;20 Massachusetts
Square                                  Avenue, NW
Washington                              Washington
DC                                      DC
US                                      US
200042623                               20530
```

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 11:20 AM  CST on 03/07/2008.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the status of this shipment online, please use the following:
https://www.fedex.com/insight/findit/nrp.jsp?tracknumbers=790955618029&language=en&opco=FX&clienttype=ivpodalrt

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of  the request, the requestor's message, or the accuracy of this tracking update.  For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ATLANTIC UROLOGICAL ASSOCIATES, P.A.; SAM MICHAELS, M.D.; REBECCA PAGE; UROLOGY CARE, INC.; UROLOGY CENTER OF ALABAMA, P.C.; and UROPATH, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:08-cv-00141-RMC ) ) ) ) ) ) ) |

**ORDER**

THE COURT, having considered Plaintiffs' Motion to Compel Filing of Administrative Record, any opposition filed by Defendant, and any argument of counsel with respect thereto, is of the opinion that said Motion should be, and it is hereby, GRANTED.

It is, therefore, ORDERED:

Defendant Michael O. Leavitt will file the administrative record relating to the January 3, 2008 Final Rule (73 Fed. Reg. 404), on or before 30 days after the signing of this Order. If it is Defendant's contention that there is no official administrative record for the January 3 Final Rule, then Defendant will file whatever information, documents, and comments (formal or informal) were received by CMS between November 27, 2007, and January 3, 2008, relating to the revised anti-markup rule (42 C.F.R. § 414.50) published on November 27, 2007, together with any additional information or documents considered or relied on by CMS in promulgating the January 3 Final Rule.

80168307.3

SIGNED on this the _____ day of _____, 2008.

_____
United States District Judge

- 3 -

Upon entry, this order is to be served upon the following:

>Dan M. Peterson
>Wendy Curtis
>Caroline Mew
>Fulbright & Jaworski L.L.P.
>Suite 500
>801 Pennsylvania Avenue, N.W.
>Washington, DC  20004-2604
>
>Sheila M. Lieber
>Peter T. Wechsler
>United States Department of Justice
>Civil Division
>Federal Programs Branch
>20 Massachusetts Avenue, N.W.
>Washington, DC 20530