IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC UROLOGICAL ASSOCIATES, P.A.; SAM MICHAELS, M.D.; REBECCA PAGE; UROLOGY CARE, INC.; UROLOGY CENTER OF ALABAMA, P.C.; and UROPATH, LLC, <br><br>    Plaintiffs, <br><br>    v. <br><br>MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services, <br><br>    Defendant. | Civil Action No. 1:08-cv-00141-RMC |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
ORDER GRANTING LEAVE TO FILE *AMICUS CURIAE* BRIEF**

NOW COME Plaintiffs Atlantic Urological Associates, P.A., et al. ("Plaintiffs") and hereby respectfully request that this Honorable Court reconsider the Minute Order entered on March 20, 2008, granting leave to the College of American Pathologists to file an amicus curiae brief in this case.

The reasons for this reconsideration request are set forth in the accompanying Memorandum in Support.

Pursuant to Local Rule 7(m), Dan M. Peterson, counsel for Plaintiffs, hereby certifies as follows: I placed a telephone call to Peter T. Wechsler, counsel for Defendant, on March 26, 2008, and advised Mr. Wechsler of the nature of this motion. Mr. Wechsler indicated that Defendant does not assent to this motion.

March 26, 2008                                        Respectfully submitted,

                                                        FULBRIGHT & JAWORSKI, L.L.P.


                                                       /s/ Dan M. Peterson
                                                       Dan M. Peterson
                                                       D.C. Bar No. 418360
                                                       Wendy Butler Curtis
                                                       D.C. Bar No. 475464
                                                       Caroline Mew
                                                       D.C. Bar No. 467354
                                                       801 Pennsylvania Avenue N.W.
                                                       Washington, D.C. 20004
                                                       Telephone:  (202) 662-0200
                                                       Facsimile:  (202) 662-4643
                                                       Attorneys for Plaintiffs

                                                       Greg A. Cardenas
                                                       Byrne, Cardenas & Smitherman, LLP
                                                       5400 LBJ Freeway, Suite 1325
                                                       Dallas, TX 75240
                                                       Telephone:  (972) 371-5264
                                                       Facsimile:  (972) 371-5270
                                                       Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC UROLOGICAL ASSOCIATES, P.A.; SAM MICHAELS, M.D.; REBECCA PAGE; UROLOGY CARE, INC.; UROLOGY CENTER OF ALABAMA, P.C.; and UROPATH, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:08-cv-00141-RMC ) ) ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR RECONSIDERATION OF
<u>ORDER GRANTING LEAVE TO FILE *AMICUS CURIAE* BRIEF</u>**

On March 19, 2008, the College of American Pathologists ("CAP") filed a Motion for Leave to File Brief as <u>Amicus</u> <u>Curiae</u> in Support of the Defendant's Motion to Dismiss ("CAP Motion"). Approximately two hours later, a Minute Order was entered allowing leave to file, and CAP's <u>amicus</u> brief was filed on March 21, 2008. Plaintiffs respectfully request that the Court reconsider the Minute Order granting leave to file, that such order be vacated by the Court, and that CAP's <u>amicus</u> brief be stricken from the record in this case.

CAP maintains that the Court may grant it leave to appear as an <u>amicus</u> if the information presented in its brief is "timely" and "useful." CAP Motion at 1 (citing <u>Ellsworth Assocs., Inc. v. United States</u>, 917 F. Supp. 841, 846 (D.D.C. 1996)). The CAP brief satisfies neither of these requirements. The brief filed is not timely, because it was filed after all other briefing had been completed in this case, and Plaintiffs therefore had no opportunity to respond. It is also not

80167715.3                                             1

useful, because the amicus brief is devoted solely to issues that are not presented in Defendant's motion to dismiss. The CAP brief is also based on factual assertions, often unsupported, that are not found in the record in this case and, in any event, are inappropriately raised on a motion to dismiss, when both the parties and the Court are limited to the four corners of the Complaint.

## STANDARD OF REVIEW

This Court has noted: "An amicus curiae, defined as 'friend of the court,' . . . does not represent the parties but participates only for the benefit for the Court. Accordingly, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus." United States v. Microsoft Corp., No. 98-1232, 2002 U.S. Dist. LEXIS 26552, at *17 (D.D.C. Feb. 28, 2002) (citations omitted). This Court has quoted with approval the Seventh Circuit's cautionary language that:

> an amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

Cobell v. Norton, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1064 (7th Cir. 1997)).

In Ricks v. Simons, No. 90-0249, 1990 U.S. Dist. LEXIS 9535, at *3 (D.D.C. July 30, 1990), this Court noted that it has no rules governing the filing of amicus briefs, and therefore looked to the rules for the Court of Appeals for the D.C. Circuit. These rules provide, among other things, that arguments in an amicus brief must be "relevant to the issues before this Court." Id. (citing then-D.C. Cir. Rule 11(e)(2), now found at D.C. Cir. Rule 29(a)).

I.   **THE CAP AMICUS BRIEF DOES NOT PRESENT ARGUMENTS THAT ARE RELEVANT TO THE ISSUES PRESENTED BY DEFENDANT'S MOTION TO DISMISS.**

Defendant raised three issues in his Motion to Dismiss: (1) an alleged lack of subject matter jurisdiction; (2) the alleged lack of standing of certain Plaintiffs; and (3) the alleged inadequacy of the Complaint, apparently in relation to a Rule 12(b)(6) motion to dismiss for failure to state a claim (although Defendant did not state what rule he was relying on).

Although CAP purported to file its amicus brief in support of the Defendant's motion to dismiss, it addresses none of these issues. Instead, the CAP brief addresses three entirely separate points not raised by the Motion to Dismiss. First, CAP argues that "pod laboratory" arrangements do not comply with the "intent" of the in-office ancillary services exception to the Stark Act. Whether "pod laboratories" in general, or the Uropath-managed labs for the three Plaintiff Physician Groups that are at issue in this case, are in keeping with the "intent" of the Stark Law is not relevant to Defendant's Motion to Dismiss.[1]

Second, CAP argues that physician financial relationships with pod laboratory testing facilities lead to overutilization of pathology services. This issue is not germane to jurisdiction, standing, or whether Plaintiffs have stated a claim in their Complaint. Plaintiffs believe that there is no overutilization, and that the record will ultimately demonstrate that CMS has no basis for so concluding. The time may come in this case when the Court will need to examine the administrative record to determine whether CMS had an adequate legal and factual basis for the actions it took through the November 2007 and January 2008 Final Rules. However, that is a matter to be determined on a motion for summary judgment or through some other "merits"

---

[1] The Stark Law and its in-office ancillary services exception are relevant to this case, but the issue raised by the Complaint and Motion to Dismiss is not whether Plaintiffs' arrangements are in line with the "intent" of that law. Instead, the issue raised by the pleadings is whether the November 2007 and January 2008 Final Rules impermissibly close off part of the in-office ancillary services exception by applying an anti-markup rule to services furnished in a "centralized building" as defined in the Stark Law.

determination. The issue is not pertinent to determining whether Plaintiffs have stated a claim upon which relief can be granted based on the allegations in their Complaint.

Third, CAP contends that immediate implementation of the revised anti-markup rule is necessary to address allegedly "abusive" laboratory arrangements. The Plaintiff Physician Groups' Uropath-managed labs are in no sense "abusive," of course. But once again, such an argument has nothing to do with whether this Court has subject matter jurisdiction, whether Plaintiffs have standing, or whether Plaintiffs have stated a claim for relief in their Complaint.

Thus, CAP has failed to meet the minimum requirement for an acceptable amicus brief, because it has failed to present arguments that are "relevant to the issues before [the] court." Ricks, 1990 U.S. Dist. LEXIS 9535, at *3 (citation omitted). Based on the content of the CAP amicus brief, the Court should follow the reasoning of Doris Day Animal League v. Veneman, No. 00-1057, 2001 U.S. Dist. LEXIS 23439 (D.D.C. July 30, 2001), in which the court held: "Because the Court finds that the non-party movants' proposed pleadings would not aid in the resolution of the pending dispositive motions, the Court denies their motions for leave to file the amicus curiae briefs." Id. at *14 n.8 (emphasis added), rev'd on other grounds, 315 F.3d 297 (D.C. Cir. 2003).

## II. CAP'S AMICUS BRIEF IS BASED PRIMARILY UPON MATTERS OUTSIDE THE PLEADINGS, INCLUDING UNSUPPORTED FACTUAL ASSERTIONS.

On a Rule 12(b)(6) motion to dismiss, the Court must "accept as true all factual allegations in the complaint, and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged." Liu v. Novak, 509 F. Supp. 2d 1, 4 (D.D.C. 2007) (citation omitted). In deciding the motion, "the court is limited to the four corners of the complaint." Tabb v. District of Columbia, 477 F. Supp. 2d 185, 187 (D.D.C. 2007).

Far from observing these elementary principles applicable to motions to dismiss, CAP's <u>amicus</u> brief contains page after page of unsupported factual assertions and matters outside the pleadings. For example, in the section of CAP's brief entitled "Background on Pod Laboratories," <u>see</u> Brief of <u>Amicus Curiae</u> at 2-6, CAP presents several pages of unsupported factual allegations regarding "pod laboratories," followed by a number of arguments based upon Plaintiffs' declarations filed in support of their motion for preliminary injunction. Although those declarations were properly filed in support of Plaintiffs' preliminary injunction motion, they should not be considered (and Plaintiffs have not relied upon them) in connection with Defendant's Motion to Dismiss. CAP's use of such materials in its <u>amicus</u> brief, purportedly filed in support of Defendant's Motion to Dismiss, is improper, and much of what the brief contains is entirely without any factual support.

CAP's <u>amicus</u> brief also goes on at some length to attack what CAP considers to be the "abusive nature" of the arrangements for Uropath-managed laboratories and "pod laboratories" in general. Particularly, CAP's <u>amicus</u> brief is focused on who should obtain the money for anatomic pathology testing: physician owned and operated laboratories, such as those managed by Uropath, or outside laboratories employing pathologists, many of which are undoubtedly CAP members and may be expected to dislike the competition from the efficient, high quality labs managed by Uropath and owned by physician groups. If the Court ever reaches such issues, it would be in connection with a motion for summary judgment or some other determination on the merits of this case. And Defendant himself contends that this case should be decided on the administrative record. <u>See</u> Consolidated Mem. in Supp. of Def.'s Mot. to Dismiss and in Opp. to Pls.' App. for PI, at 29. CAP's wholesale inclusion of alleged facts, many of which are

unsupported and which in any event are outside the Complaint is completely improper for an amicus brief filed in support of a Motion to Dismiss.

### III. CAP'S AMICUS BRIEF IS UNTIMELY.

CAP's motion for leave to file an amicus brief in this matter was filed with the Court on March 19, 2008, after four rounds of briefing had been completed in this case. Plaintiffs have had no opportunity to respond to the arguments raised in CAP's amicus brief (even assuming that they properly relate to Defendant's Motion to Dismiss, which they do not).

As an illustration that a party should have an opportunity to respond, the Federal Rules of Appellate Procedure provide that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is being filed." F.R.A.P. 29(e). Defendant's principal brief was filed on February 20, 2008, and Plaintiffs' Opposition to Defendant's Motion to Dismiss was filed on March 7, 2008. The Court should reject the CAP amicus brief as untimely, since it was filed after the close of all briefing on Defendant's Motion to Dismiss.

### CONCLUSION

The amicus brief filed by CAP does not even attempt to address the issues raised by Defendant's Motion to Dismiss, which it allegedly supports. Furthermore, it violates elementary principles of briefing on a Motion to Dismiss, by bringing in factual "evidence" that is outside the four corners of the Complaint, and by making factual assertions that are outside the administrative record on which this case will ultimately be decided. Finally, CAP's amicus brief was untimely filed after the conclusion of all briefing in this case, thus depriving Plaintiffs of an opportunity to respond.

For the foregoing reasons, Plaintiffs respectfully request the Court to reconsider the Minute Order granting CAP leave to file its proposed amicus brief, ask the Court to vacate that order, and request that CAP's amicus brief be stricken from the record in this case.

| | |
|---|---|
| March 26, 2008 | Respectfully submitted, |
| | FULBRIGHT & JAWORSKI, L.L.P. |
| | |
| | /s/ Dan M. Peterson |
| | Dan M. Peterson |
| | D.C. Bar No. 418360 |
| | Wendy Butler Curtis |
| | D.C. Bar No. 475464 |
| | Caroline Mew |
| | D.C. Bar No. 467354 |
| | 801 Pennsylvania Avenue N.W. |
| | Washington, D.C. 20004 |
| | Telephone: (202) 662-0200 |
| | Facsimile: (202) 662-4643 |
| | Attorneys for Plaintiffs |
| | |
| | Greg A. Cardenas |
| | Byrne, Cardenas & Smitherman, LLP |
| | 5400 LBJ Freeway, Suite 1325 |
| | Dallas, TX 75240 |
| | Telephone: (972) 371-5264 |
| | Facsimile: (972) 371-5270 |
| | Of Counsel |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC UROLOGICAL ASSOCIATES, P.A.; SAM MICHAELS, M.D.; REBECCA PAGE; UROLOGY CARE, INC.; UROLOGY CENTER OF ALABAMA, P.C.; and UROPATH, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, in his official capacity as Secretary, United States Department of Health and Human Services, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:08-cv-00141-RMC ) ) ) ) ) ) ) |

## ORDER

THE COURT, having considered Plaintiffs' Motion for Reconsideration of Order Granting Leave To File Amicus Curiae Brief, any opposition filed by Defendant, and any argument of counsel with respect thereto, is of the opinion that said Motion should be, and it is hereby, GRANTED.

It is, therefore, ORDERED:

The Motion of the College of American Pathologists to file an amicus brief in this case is hereby DENIED, and the Minute Order of March 20, 2008, is vacated. The Clerk is directed to strike the Brief of Amicus Curiae the College of American Pathologists in Support of Defendant's Motion to Dismiss from the record in this case.

SIGNED on this the _____ day of _____, 2008

_____
United States District Judge

80168487.2

- 2 -

Upon entry, this order is to be served upon the following:

>Dan M. Peterson
>Wendy Curtis
>Caroline Mew
>Fulbright & Jaworski L.L.P.
>Suite 500
>801 Pennsylvania Avenue, N.W.
>Washington, DC  20004-2604
>
>Sheila M. Lieber
>Peter T. Wechsler
>United States Department of Justice
>Civil Division
>Federal Programs Branch
>20 Massachusetts Avenue, N.W.
>Washington, DC 20530