IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
ATLANTIC UROLOGICAL ASSOCIATES et al.,  )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   No. 08-CV-00141-RMC
                                    )
Michael O. Leavitt, as Secretary of )
United States Department of Health and  )
Human Services,                     )
                                    )
        Defendant.                  )
_____ )

**MEMORANDUM OF *AMICUS CURIAE* THE COLLEGE OF AMERICAN PATHOLOGISTS RESPONDING TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING LEAVE TO FILE *AMICUS CURIAE* BRIEF**

The College of American Pathologists ("CAP") respectfully submits this brief response to Plaintiffs' Motion for Reconsideration of Order Granting [CAP] Leave to File *Amicus Curiae* Brief. CAP's *amicus* brief, as its title makes clear, is generally in support of Defendant in this matter. It is not limited to support of Defendant's Motion to Dismiss. Rather, it supports *both* Defendant's motion to dismiss and Defendant's opposition to Plaintiffs' motion for a preliminary injunction. To the extent that there was any confusion or ambiguity, CAP urges the Court to construe its motion to permit filing of CAP's *Amicus* Brief, which supports both Defendant's motion to dismiss and Defendant's opposition to Plaintiffs' motion for a preliminary injunction.

**I.    CAP's *AMICUS* BRIEF DIRECTLY ADDRESSES PLAINTIFFS' CLAIM IN THEIR OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THAT THE SECRETARY HAS NOT PROVIDED AN ADEQUATE STATEMENT OF REASONS FOR IMPOSING THE ANATOMIC PATHOLOGY PROHIBITION IMMEDIATELY**

Plaintiffs object to CAP's *amicus* brief on the basis that it addresses issues that are beyond the scope of the motion to dismiss. (See Pls.' Mem. in Support of Pls.' Motion for Reconsideration of Order Granting Leave to File *Amicus Curiae* Br. at 2 (hereinafter "Pls.' Reconsideration Mem").)  At the outset, CAP's *amicus* brief is generally in support of Defendant, and is not limited to Defendant's motion to dismiss. Moreover, CAP's *amicus* brief responds directly to Plaintiffs' assertions in their opposition to Defendant's motion to dismiss concerning "'evidence regarding any alleged overutilization with respect to laboratories performing anatomic pathology diagnostic testing in centralized buildings." (Pls.' Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Application for Preliminary Injunction at 15.) CAP's *amicus* brief directly addresses Plaintiffs' claims regarding utilization, a point that appears central to Plaintiffs' position. CAP also provides a historical overview of CMS's "'expressed concern about the existence of certain arrangements that we believe are not within the intended purpose of the physician self-referral exception for in-office ancillary services.'" (CAP *Amicus* Br. at 7, quoting regulatory history from notice and comment rulemaking at 72 Fed. Reg. 66,222, 66, 307 and citing regulatory history from 71 Fed. Reg. 49,054)). Thus, CAP's brief is directly relevant to claims made by Plaintiffs in their opposition to Defendant's motion to dismiss.

## II.     CAP'S *AMICUS* BRIEF ALSO SUPPORTS DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs urge the Court to reconsider granting CAP's motion to file an *amicus* brief on the basis that CAP made factual arguments that should not be considered in connection with Defendant's Motion to Dismiss (Pls.' Reconsideration Mem. at 5.) CAP's *amicus* brief, as it title makes clear, is generally in support of Defendant in this matter. It is not limited to support of Defendant's Motion to Dismiss. Rather, it supports *both* Defendant's motion to dismiss and Defendant's opposition to Plaintiffs' motion for a preliminary injunction. CAP intends for the Court to consider CAP's responses to Plaintiffs' factual arguments with respect to Defendant's opposition to Plaintiffs' motion for a preliminary injunction.

Finally, Plaintiffs assert that CAP has used its *amicus* brief to make "unsupported factual allegations regarding 'pod laboratories'". (Pls.' Reconsideration Mem. at 5.) The source for information set forth in CAP's *amicus* brief is either publicly available information that is cited in the brief, or it is gathered from Plaintiffs' own statements as set forth in Plaintiffs' own pleadings. It indeed is odd for Plaintiffs to attack statements that are derived from Plaintiffs' own statements in support of their motion for a preliminary injunction. To the extent that the Court considers the factual statements made by Plaintiffs, it should also have the opportunity to consider the points made by CAP in its *amicus* brief.

## III.     CAP'S *AMICUS* BRIEF IS TIMELY

With regard to the question of whether CAP's *amicus* brief and accompanying motion were timely, the Court has discretion to determine whether participation of an *amicus* is appropriate, and a court "may grant leave to appear as an *amicus* if the

information offered is timely and useful." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (internal quotations and citations omitted). Plaintiffs' reliance on the Federal Rules of Appellate Procedure as the basis to argue that CAP's *amicus* brief was untimely filed is inapposite. (See Pls.' Reconsideration Mem. at 6.) The Federal Rules of Appellate Procedure are applicable to "procedure in the United States *courts of appeals*" (F.R.A.P. (1)(a)(1) (emphasis added)). Neither the Federal Rules of Civil Procedure and nor this Court's local rules provide a fixed time for filing an *amicus* brief. Accordingly, the timing for such filings is at the discretion of the Court. *See Ellsworth*, 917 F. Supp. 841.

Plaintiffs' principal objection to CAP's *amicus* brief is that they "have had no opportunity to respond to the arguments raised in CAP's amicus brief." (Pls.' Reconsideration Mem. at 6.) CAP respectfully suggests to the Court that the appropriate remedy to Plaintiffs' concern is to provide Plaintiffs' the opportunity to file a response to CAP's *amicus* brief, rather than to strike a brief from the record that this Court has determined presents information that is timely and useful to it in the case at hand.

## **CONCLUSION**

In sum, Plaintiffs have not provided an adequate reason for the Court to reconsider its grant of CAP's motion to submit an *Amicus Curiae* Brief in this matter. CAP's brief is timely and useful as the Court considers the motions currently before the Court.

Dated: March 28, 2008

Respectfully submitted,

FOR *AMICUS CURIAE*
COLLEGE OF AMERICAN PATHOLOGISTS

/s/ [Kevin M. Henry]
Kevin M. Henry
D.C. Bar Number: 472167
Sidley Austin LLP
1501 K Street, N.W.
Washington D.C. 20005
(202) 736-8385

JAMES C. DECHENE
LARA LENITON LISS
Sidley Austin LLP
One S. Dearborn Street
Chicago, IL 60603
(312) 853-7000

5