UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Atlantic Urological Associates et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 08-CV-00141-RMC |
| Michael O. Leavitt, as Secretary of United States Department of Health and Human Services, | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY OR AMEND ORDER**

**INTRODUCTION**

Plaintiffs have moved to "clarify" or amend the Order dated May 5, 2008 [Dkt. # 37], by which the Court dismissed the Complaint, vacated the Preliminary Injunction, and dismissed as moot Defendant's Motion for Reconsideration of the Preliminary Injunction [Dkt. # 29], in order to prevent defendant from recouping any excess payments made to the three plaintiff physician groups and fifty outside physician groups while the Preliminary Injunction was in effect. Plaintiffs' Motion to Clarify or Amend Order [Dkt. # 38] should be denied. No clarification is needed, because the Court's use of the term "vacated" in the May 5 Order is unambiguous, and defendant the Secretary of Health and Human Services ("Secretary") is entitled to recoup any excess payments made as a result of the Preliminary Injunction. Plaintiffs' current motion, which seeks to prevent the Secretary from being made whole for any excess payments made for services furnished between April 2 and May 5, 2008, should be denied, for all of the reasons stated in the Secretary's Motion for Reconsideration of the Preliminary Injunction [Dkt. # 29], which was denied as moot when the Court dismissed the Complaint and vacated the Preliminary

Injunction, as well as the reasons stated below.[1]

## PRIOR PROCEEDINGS

In January of 2008, plaintiffs filed the Complaint and an Application for Preliminary Injunction. On February 20, 2008, the Secretary filed a Motion to Dismiss the Complaint [Dkt. # 13]. On March 28, 2008, after briefing was completed, the Court held a hearing on Plaintiffs' Application for a Preliminary Injunction and Defendant's Motion to Dismiss.

On March 31, 2008, the Court entered a Preliminary Injunction [Dkt. # 26] that enjoined the Secretary from enforcing, until trial on the merits or further order of the Court, "that portion of the Final Rule published in the Federal Register on January 3, 2008 (73 Fed. Reg. 404), that permits or requires the application of the Anti-Markup Rule in 42 C.F.R. § 414.50, as revised by the final rule published on November 27, 2007 (72 Fed. Reg. 66,222), to anatomic pathology diagnostic testing services furnished in a centralized building, as defined in the Stark Law (42 U.S.C. § 1395nn(b)(2)(A))." Preliminary Injunction Order at 1.

On April 8, 2008, the Secretary filed a Motion for Reconsideration of the Preliminary Injunction [Dkt. # 29].

By Order dated May 5, 2008 [Dkt. # 37], the Court granted Defendant's Motion to Dismiss the Complaint, vacated the Preliminary Injunction, and denied, as moot, the Secretary's Motion for Reconsideration of the Preliminary Injunction.

On May 15, 2008, plaintiffs filed the Motion to Amend or Clarify Order [Dkt. # 38].

---

[1] The Memorandum in Support of the Secretary's Motion for Reconsideration of the Preliminary Injunction [Dkt. # 29] is incorporated herein.

# ARGUMENT

I.  **Because Plaintiffs Did Not Prevail on the Merits, the Secretary Retains the Right to Recoup Any Excess Payments Made as a Result of the Preliminary Injunction**

As shown in the Secretary's Motion for Reconsideration [Dkt. # 29], parties damaged by wrongfully issued injunctions are entitled to be made whole. See Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co., 249 U.S. 134, 145 (1919); National Kidney Patients Ass'n v. Sullivan, 958 F.2d 1127, 1134 (D.C. Cir. 1992). Under Rule 65(c) of the Federal Rules of Civil Procedure, a district court "may issue a preliminary injunction . . . *only if* the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Id. (emphasis added). The purpose of this requirement for security is to enable the enjoined party to secure indemnification for costs and pecuniary injury that may accrue during the period in which a wrongfully issued injunction remains in effect. National Kidney Patients, 958 F.2d at 1134-35; Monzillo v. Biller, 735 F.2d 1456, 1461 (D.C. Cir. 1984). Rule 65(c) thus presupposes the right to restitution of payments made pursuant to an improperly issued preliminary injunction. Despite the requirements of Rule 65(c), no bond was issued when the Court entered the Preliminary Injunction. Although the absence of a bond was rendered moot by the Court's issuance of the May 5 Order that dismissed the case and vacated the Preliminary Injunction, the Secretary's right to be made whole remains.

The D.C. Circuit recognized this basic right of restitution in the context of a district court's entry of a preliminary injunction in a case that – like this one – challenged a new Medicare payment policy. In National Kidney Patients Association v. Sullivan, Medicare beneficiaries receiving kidney dialysis and the dialysis providers sued the Secretary to overturn a

Medicare payment limitation that plaintiffs claimed was illegal and would deprive the plaintiff patients of critically needed dialysis offered by the plaintiff providers, with whom these patients had a direct and longstanding relationship. In requesting and securing a preliminary injunction, the dialysis providers also claimed – as plaintiffs claimed here – that they would be forced out of business if the challenged payment rule was not enjoined, because they could not afford to continue providing dialysis services at the rates applied under the new policy. After the Secretary immediately sought summary reversal of the district court's refusal to require that a bond be posted, the D.C. Circuit ordered the district court to require that plaintiffs post a bond to ensure repayment. Id., 958 F.2d at 1129, citing previous Order No. 89-5039 (D.C. Cir. 1989).[2] Subsequently, the Court of Appeals also reversed the district court's ruling that prevented the Secretary from recovering excess payments made as a result of the wrongfully imposed injunction by either collecting the amount of the bond or proceeding through the agency's administrative procedures for recoupment. Id. at 1137. National Kidney Patients thus requires the denial of plaintiffs' present motion.

Because the May 5 Order dismissed for lack of subject-matter jurisdiction the Complaint challenging the anti-markup rule and vacated the Preliminary Injunction, the Court denied as moot the Secretary's then-pending Motion for Reconsideration. However, as demonstrated in that motion, the Secretary is entitled to recoup any overpayments made as a result of the Preliminary Injunction.

---

[2] The D.C. Circuit reversed the district court again when it required that only a nominal bond be provided, and ultimately reversed and vacated the injunction *in its entirety* for lack of jurisdiction due to failure to exhaust administrative remedies, the same jurisdictional bar (in addition to plaintiffs' lack of standing) that, as this Court recognized in the May 5 Order, precludes the Court's exercise of jurisdiction in this case.

Plaintiffs concede that the Court's use of the term "vacated" in the May 5 Order "may be read to suggest that the Court's preliminary injunction Order of March 31 . . . did not operate to prevent CMS from recouping" such overpayments. See Memorandum in Support of Plaintiffs' Motion to Clarify or Amend Order ("Pl. Memo.") [Dkt. # 38] at 4. The Court should neither "clarify" nor amend that part of the May 5 Order that vacated the Preliminary Injunction and thereby permitted the Secretary to recoup any excess payments. Uropath and the three plaintiff physician groups are sophisticated commercial entities, as are the other non-party physician groups that plaintiffs claim would be harmed by having to disgorge excess payments. They have voluntarily chosen to participate in the regulated Medicare program, with full knowledge that payment methodologies and rates are subject to change. And, when plaintiffs originally sought a preliminary injunction, they were on notice that, if such an injunction were later vacated, the Secretary would be entitled to recoup any excess payments made pursuant to it. See National Kidney Patients, 958 F.2d at 1134-35. If plaintiffs or other physician groups rendered services based on the assumption that they would be permitted to retain excess payments, the Secretary is not responsible for that flawed business judgment. Although plaintiffs assert that "the reliance interests at stake in this case go beyond those interests of the three plaintiff physician groups," see Pl. Memo. at 5, and that "many physician groups with their own labs will actually be in a worse position than if the injunction had never issued," id. at 5-6, if any non-party physician group entertained the view that it would be permitted to retain excess payments (or, for that matter, that it could rely on an injunction issued in a case to which it was not a party), such a view was entirely misplaced, in light of this Circuit's decision in National Kidney Patients and

the plain language of Rule 65(c). The Secretary has the right to recoup any such windfall.[3]

## II. The Court Lacked Jurisdiction to Issue the Preliminary Injunction

Plaintiffs err in asserting that the Court "clearly had jurisdiction" to issue the Preliminary Injunction under the All Writs Act, 28 U.S.C. § 1651(a), and Belbacha v. Bush, No. 07-5258 (D.C. Cir., March 14, 2008). See Pl. Memo. at 4. The All Writs Act "encompasses a limited judicial power to preserve the status quo while administrative proceedings are in progress and to prevent impairment of the effective exercise of appellate jurisdiction." Heckler v. Redbud Hosp. Dist., 473 U.S. 1308, 1313-14 (1985) (Rehnquist, J., in chambers) (staying part of a preliminary injunction issued against the Secretary of HHS under the All Writs Act as overly broad and unnecessary to prevent the impairment of the effective exercise of appellate jurisdiction).

In issuing the Preliminary Injunction, the Court correctly noted that the Secretary's then-pending Motion to Dismiss asserted that the Court lacked subject-matter jurisdiction over plaintiffs' claims due to their failure to exhaust administrative remedies under the Medicare Act, as required by the Supreme Court's decision in Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1 (2000), and that plaintiffs lacked standing to assert their claims. March 31, 2008 Mem. Op. [Dkt. # 25] at 5-6. The Court cited the D.C. Circuit's recent decision in Belbacha v. Bush, as holding that, "under the All Writs Act, the district court retains authority to preserve the status quo by issuing a preliminary injunction." Id. at 5-6.

---

[3] Plaintiffs' reliance on an unpublished decision issued by the Sixth Circuit, Crocker v. Tennessee Secondary Sch. Athletic Ass'n, 908 F.2d 972 (6th Cir. 1990), is puzzling at best, given that the D.C. Circuit's decision in National Kidney Patients, 958 F.2d at 1134-35, which plaintiffs fail to mention, is controlling, and the All Writs Act, relied upon in Crocker, does not apply in this context, as discussed below. In addition, unlike Crocker, there is no "sanction" at issue here. Instead, what plaintiffs challenge (with no supporting authority) is the right of the Secretary (and the Medicare Trust Fund) to be made whole.

However, as stated in the Memorandum in Support of the Secretary's Motion for Reconsideration [Dkt. # 29], the Court of Appeals' decision in Belbacha did not support this Court's issuance of a preliminary injunction here.  The Belbacha decision arose in the context of a Guantanamo detainee seeking to block his transfer to Algeria, where he would allegedly be subject to "torture at the hands of a foreign state and of a terrorist organization," during the pendency of review on certiorari in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), cert. granted, 75 U.S.L.W. 3707 (June 29, 2007).  Such transfer by the government of the detainee would have divested the Court of jurisdiction to adjudicate the habeas petition in that case should Boumediene be overturned -- not to mention the alleged consequences to the detainee if he were transferred to Algeria in the interim.  See Belbacha, Slip Op. at 9 ("Belbacha's transfer would make it impossible for the district court to entertain his claim to relief that the Constitution might guarantee.").  The D.C. Circuit held that, during the pendency of review on certiorari of a colorable jurisdictional issue, and in the absence of a mandate (which had been issued by this Circuit but then withdrawn), a court retains the power under the All Writs Act to enter a preliminary injunction to prevent action that would defeat the court's putative jurisdiction, where the standards for obtaining such injunctive relief are met.  Id. at 7.

In the present case, by contrast to Belbacha, there is no evidence that the government sought to commit acts (or that any circumstances – other than those created by plaintiffs – would otherwise occur) that would have rendered the case moot.  Unlike the situation in Belbacha, where the purpose of injunctive relief was "to preserve the status quo" pending review on certiorari, no decision relevant to the jurisdictional question here was on appeal, and plaintiffs sought preliminary and permanent injunctions to *alter* the status quo, and to *prevent* the

application of the November 2007 final anti-markup rule, which was effective as of January 1, 2008 to plaintiffs' billing for anatomic pathology diagnostic testing performed in a centralized building that is not the billing physician's office.

Because the reasoning of Belbacha did not apply to this case, the Secretary requested that the Court reconsider its determination that it had jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), to grant the Preliminary Injunction without first ruling on the Secretary's then-pending Motion to Dismiss, or, in the alternative, requested that plaintiffs be required to post security as mandated by Rule 65(c). [Dkt. # 29]. Although the Secretary's motion was rendered moot by the May 5 Order dismissing the Complaint and vacating the Preliminary Injunction, plaintiffs' present motion once again places the arguments raised in the Secretary's Motion for Reconsideration before the Court.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion to Clarify or Amend Order.

Dated: May 21, 2008

Respectfully Submitted:

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

Sheila M. Lieber
Deputy Branch Director

 */s/ Peter T. Wechsler*
Peter T. Wechsler (MA 550339)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov
 *Attorneys for Defendant*