UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ATLANTIC UROLOGICAL ASSOCIATES, P.A., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services,<br><br>Defendant. | Civil Action No. 08-141 (RMC) |

## ORDER

Plaintiffs[1] brought suit against Michael O. Leavitt, in his official capacity as Secretary of the Department of Health and Human Services ("the Secretary" or "HHS"), to challenge HHS's final rule, 73 Fed. Reg. 404 (Jan. 3, 2008) (the "Final Order") and its final rule, 72 Fed. Reg. 66222 (Nov. 27, 2007) (the "Anti-Markup Rule"), both of which relate to Medicare payment for laboratory testing services. Plaintiffs sought a preliminary injunction, which the Court granted on March 31, 2008. Subsequently, the Court dismissed this suit for lack of jurisdiction and vacated the preliminary injunction. *See* Mem. Op. and Order filed May 5, 2008 [Dkt. ## 36 & 37]. HHS seeks to recoup certain Medicare overpayments made to Plaintiffs prior to the dismissal of this case. Plaintiffs have

---

[1] Plaintiffs include: (1) three urology physician group practices (Atlantic Urological Associates, P.A.; Urology Center of Alabama, P.C.; and Urology Care, Inc.) that own pathology laboratories; (2) Dr. Sam Michaels, a self-employed pathologist who performs testing services for other physician groups; (3) Uropath, LLC, a limited liability company that manages various pathology laboratories; and (4) Uropath's Director of Clinical Operations, Rebecca Page.

moved to clarify or amend the May 5, 2008 Order, seeking an order precluding HHS from recoupment for the period from April 2, 2008 to May 5, 2008. *See* Pls.' Mot. to Clarify or Amend Order [Dkt. #38]. As explained below, Plaintiffs' motion is granted.

The same date that they filed suit, January 25, 2008, Plaintiffs also filed a motion for preliminary injunction. In response, the Secretary proposed withholding implementation of the Anti-Markup Rule, as amended by the Final Order, to claims submitted between February 1 and April 1, 2008, so that the parties could fully brief the issues. *See* Order on Def.'s Mot. to Endorse Interim Proposal [Dkt. #12]. The Secretary's proposal specifically waived the right of recoupment.[2] Plaintiffs agreed to this proposal.

At a February 7, 2008, status conference, the Court asked counsel for the Secretary if he would withhold implementation for another thirty to sixty days after April 1 in order to give the Court time to decide the motions. The parties' proposed schedule gave them adequate time for briefing and argument, but provided the Court with only a weekend to make a decision. The government declined the Court's request. The Court made the same request at a subsequent telephone conference, and the government again declined.

The parties' briefing was completed on March 19. In addition to arguing that the motion for preliminary injunction should not be granted, the Secretary argued that the case should be dismissed for lack of jurisdiction. In accordance with the schedule of the parties and the Court,

---

[2] The proposed Interim Order provided, "In the event the Court subsequently affirms the anti-markup rule as applied to anatomic pathology diagnostic testing services, the Secretary *shall not* recoup any Medicare payments made for any such claims submitted from February 1 to April 1, 2008, based on failure to comply with the provision governing payment for such services furnished in a centralized building that does not qualify as the "same building" under the physician self-referral exception. Interim Order filed Feb. 8, 2008 [Dkt. #12] (emphasis added).

a hearing on Plaintiffs' motion for preliminary injunction and the Secretary's motion to dismiss was set for March 28, 2008.

At the end of the March 28 hearing, the Court again asked the Secretary to withhold implementation of the Anti-Markup Rule for an additional thirty days so that the Court could consider fully the parties' written and oral arguments before issuing its opinion. Counsel for the Secretary committed to responding to the Court's request by noon on Monday, March 31, 2008.

The government responded on March 31, indicated that the Secretary would not deny Medicare payments for work at pod labs under the prior payment schedule during the month of April but that he reserved the right to demand repayment if the Court's decision were in his favor. *See* Def.'s Proposal to Extend Interim Agreement [Dkt. #23]. Since the Secretary could only have the right to demand such repayments if the Anti-Markup Rule went into effect on April 1, 2008, and since the Court had not decided whether it had jurisdiction over the case and the Plaintiffs otherwise met the standard for a preliminary injunction, an injunction was issued on the afternoon of March 31, 2008, to maintain the status quo while the Court considered the issues. *See* Mem. Op. [Dkt. #25] and Order [Dkt. #26]. The Court explained that it had "not decided the jurisdictional issues, but it need not do so prior to entering a preliminary injunction. *See Belbacha v. Bush*, No. 07-5258 (D.C. Cir. Mar. 14, 2008) (under the All Writs Act, the district court retains authority to preserve the status quo by issuing a preliminary injunction)." Thirty-five days later, on May 5, 2008, the Court issued a Memorandum Opinion and Order granting the Secretary's motion to dismiss for lack of jurisdiction, vacating the preliminary injunction, and denying all other pending motions as moot. *See* Mem. Op. and Order filed May 5, 2008 [Dkt. ## 36 & 37].

Plaintiffs now seek an order clarifying that the Secretary is not entitled to recoupment

on claims submitted between April 2 and May 5, 2008. The Court will grant the motion, as the March 31, 2008 preliminary injunction was validly issued under the All Writs Act, 28 U.S.C. § 1651, and *Belbacha v. Bush*.[3]  *See also Crocker v. Tenn. Secondary Sch. Athletic Assoc.*, 908 F.2d 972 (Table), 1990 WL 104036, at *4 (6th Cir. Jul. 25, 1990) ("The All-Writs Act, 28 U.S.C. § 1651 (1988), gives the District Court authority to issue writs in aid of jurisdiction and to prevent defiance of its orders.")

Relying on *National Kidney Association v. Sullivan*, 958 F.2d 1127, 1134 (D.C. Cir. 1992), the Secretary argues that the preliminary injunction was wrongfully issued and thus that the Court is required to permit recoupment. *National Kidney*, however, predates *Belbacha*. Moreover, *National Kidney* arose from a unique circumstance where the district court kept a preliminary injunction in place for over thirteen months. Obviously, neither time nor Medicare expense was really an issue since the Secretary voluntarily gave his lawyers 53 days to brief the case and yet allowed only three days (including the weekend) for the Court to decide it. Here, the Court maintained the preliminary injunction for only thirty-five days, just enough time for full consideration of the issues raised by the parties.

Accordingly, the Court hereby **ORDERS** as follows:

Plaintiffs' Motion to Clarify or Amend Order [Dkt. #38] is **GRANTED**. The Court's May 5, 2008, Memorandum Opinion and Order [Dkt. ## 36 & 37] are clarified to state:

> (1) The March 31, 2008, preliminary injunction was validly issued; it was **DISSOLVED** and not vacated by the May 5, 2008, Memorandum Opinion and Order; and
>
> (2) For claims submitted between April 2, 2008 and May 5, 2008, the

---

[3] *Belbacha* now is published at 520 F.3d 452 (D.C. Cir. 2008).

Secretary shall *not* recoup any amounts paid, or reduce or deny amounts to be paid, on the ground that the revised Anti-Markup Rule is or was applicable to such claims.

It is **FURTHER ORDERED** that this case is **DISMISSED**; accordingly, this case is closed. This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.


Date: June 9, 2008            _____/s/_____
                              ROSEMARY M. COLLYER
                              United States District Judge